1   **WO**                                                                      LMH

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Roberto Banda-Montoya,                 )   No. CV 05-3734-PHX-SMM (HCE)
                                            )
10              Plaintiff,                  )   **ORDER**
                                            )
11  vs.                                     )
                                            )
12  Joseph Arpaio,                          )
                                            )
13              Defendant.                  )
    _____)

14

15          This is one of more than one thousand civil rights actions filed since September 2004

16  by Maricopa County Jail inmates.[1]  Plaintiff is incarcerated at the Durango Jail in Phoenix,

    Arizona.  The Court will dismiss the action with leave to amend.

17

18  **A.      Application to Proceed In Forma Pauperis & Filing Fee.**

19          Plaintiff's request to proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C.

20  § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.

21  An initial partial filing fee of $9.00 (based on an average monthly deposit of $45.00) will be

    assessed.  By separate order, the Court will direct the appropriate agency to collect the initial

22  partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court.

23  Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding

24

25  _____

26          [1]Many inmates apparently believe that they will receive an immediate payout from a
    fund established in <u>Hart v. Hill</u>, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund
27  exists.  The inmates in <u>Hart</u> asked for injunctive relief and not monetary damages.  The Court
    at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of
28  damages.

JDDL-K

1
2
3

month's income credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4
5
6
7
8

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

9

**B.    Statutory Screening of Prisoner Complaints.**

10
11
12
13
14
15
16
17
18
19
20
21

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129.  A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.

22
23
24
25
26
27

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

28

## C.     **Complaint.**

Plaintiff sets forth three counts for relief, claiming that (1) he has been refused appropriate treatment for his diabetes by the detention officers; (2) his meals are served in an unsanitary manner, and he is not receiving a special diet for his medical needs; and (3) he has trouble breathing, and the jail does not conform to fire safety standards.  For  relief, Plaintiff requests an award of $250.00 per day and an unspecified amount of punitive and contempt sanctions, as well as injunctive relief.

### 1.  *Inability to enforce* Hart v. Hill

Plaintiff alleges in the three counts and in his prayer for relief that the conditions violated the Amended Judgment in Hart v. Hill, No. CIV 77-0479-PHX-EHC (MS) (D. Ariz.).  He cannot seek to enforce that Judgment in this action.  Jurisdiction to enforce the judgment is retained by the court which entered it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986).  Instead, his allegations must separately state a violation of a constitutional right.  At this juncture, Plaintiff's allegations do not state a claim because for each of his counts for relief, he has not identified the constitutional right that he believes was violated.

### 2.  *Sheriff Joseph Arpaio*

The sole Defendant is Maricopa County Sheriff Joseph Arpaio, who is sued in his individual and official capacities.  Plaintiff alleges that Defendant Arpaio "is directly + solely responsible for the hiring and training of all policies + procedures.  He personally puts himself and his employees above the law." (Compl. at 2.)

This allegation does not subject Defendant Arpaio to liability in his official capacity. When a person is sued in an official capacity, the real party in interest is the entity of which the officer is an agent.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)).  In this case, that

1  entity is Maricopa County.  The actions of individuals such as the sheriff may support

2  liability only if he was acting pursuant to an official policy or custom of the municipality.

3  Botello v. Gammick, 413 F.3d 971, 978-79 (9th Cir. 2005); Cortez v. County of Los Angeles,

4  294 F.3d 1186, 1188 (9th Cir. 2001).  Plaintiff must allege, as a matter of law, that the policy

5  or custom caused him to suffer constitutional injury.  Sadosky v. Mosley, ___ F.3d ___, 2006

6  WL 163316, at *3 (9th Cir. Jan. 24, 2006).  Although Plaintiff alleges that Defendant is

7  responsible for hiring and training, Plaintiff has not identified any specific policy and more

8  importantly, he has not alleged how any policy caused him to suffer constitutional injury.

9       Plaintiff's allegation also fails to subject Defendant Arpaio to liability in his individual

10  capacity.  Officials are subject to suit under § 1983 only if "they play an affirmative part in

11  the alleged deprivation of constitutional rights."  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.

12  1987).  There is no *respondeat superior* liability under § 1983, so a defendant's position as

13  the supervisor of a person who allegedly violated Plaintiff's constitutional rights does not

14  impose liability.  Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Taylor v. List, 880

15  F.2d 1040, 1045 (9th Cir. 1989).  "A supervisor is only liable for constitutional violations of

16  his subordinates if the supervisor participated in or directed the violations, or knew of the

17  violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  "A plaintiff must

18  allege facts, not simply conclusions, that show that an individual was personally involved in

19  the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

20  1998), cert. denied, 525 U.S. 1154 (1999).

21       There are no allegations showing that Defendant Arpaio was personally involved in

22  the jail conditions that supposedly caused Plaintiff's injuries.  Plaintiff's allegation that

23  Defendant Arpaio is responsible for hiring and training appears to be an improper attempt

24  to establish liability based on a theory of *respondeat superior*.  Consequently, Plaintiff fails

25  to state a claim against Defendant Arpaio.

26  **D.**  **Leave to Amend.**

27       For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

28  a claim upon which relief may be granted.  Plaintiff may amend his Complaint to cure the

1    deficiencies outlined above.  The Clerk of Court will be directed to provide Plaintiff with a
2    Court-approved form for filing a civil rights complaint.  Plaintiff is advised that the amended
3    complaint must be retyped or rewritten in its entirety on the court-approved form and may
4    not incorporate any part of the original Complaint by reference.  Any amended complaint
5    submitted by Plaintiff should be clearly designated as such on the face of the document.

6        Plaintiff is also reminded that in an Amended Complaint, he may only include one
7    claim per count.  The "one claim per count" rule is set forth in the form Complaint and
8    accompanying instructions, and is a requirement imposed by the local rules of this Court.
9    See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the
10   form).

11       An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963
12   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
13   1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent.
14   Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are
15   not alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.
16   1987).

17 **E.**     **Address Changes.**

18        In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he
19   must file a notice of change of address if his address changes.  Plaintiff is again reminded
20   that at all times during the pendency of this action, Plaintiff shall immediately advise the
21   Court of any change of address and its effective date.  Such notice shall be captioned
22   "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of
23   Change of Address on all opposing parties.  The notice shall contain only information
24   pertaining to the change of address and its effective date, and shall not include a motion for
25   other relief.  Failure to timely file a notice of change of address may result in the dismissal
26   of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil
27   Procedure.

28

1  **F.**  **Warning of Possible Dismissal.**

2      Plaintiff should take note that if he fails to timely comply with every provision of this

3  Order, this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-

4  61(stating that a district court may dismiss action for failure to comply with any order of the

5  Court).  Moreover, because the Complaint has been dismissed for failure to state a claim, if

6  Plaintiff fails to file an amended complaint correcting the deficiencies identified in this

7  Order, the dismissal of this action will count as a "strike" under the "three strikes" provision

8  of the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

9  **IT IS THEREFORE ORDERED THAT:**

10      (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28

11  U.S.C. § 1915(a)(1).

12      (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  An

13  initial partial filing fee of $9.00 is assessed.  All fees shall be collected and paid in

14  accordance with this Court's Order to the appropriate government agency filed concurrently

15  herewith.

16      (3)  The Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30**

17  **days** from the date this Order is filed to file an Amended Complaint in compliance with this

18  Order.

19      (4)  The Clerk of Court shall enter a judgment of dismissal of this action with

20  prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint

21  within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall

22  make an entry on the docket in this matter indicating that the dismissal of this action falls

23  within the purview of 28 U.S.C. § 1915(g).

24      (5)  The Clerk of Court is directed to provide to Plaintiff a current court-approved

25  form for filing a civil rights complaint by a prisoner.

26      DATED this 10th day of April, 2006.

27

28                                Stephen M. McNamee
                                Chief United States District Judge

JDDL-K                        - 6 -

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  General Information About the Civil Rights Complaint Form:

A.  The Form.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  Your Signature.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  The Filing Fee.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  Court Divisions.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

Phoenix & Prescott Divisions:          **OR**          Tucson Division:

U.S. District Court Clerk                              U.S. District Court Clerk
U.S. Courthouse, Suite 321                          U.S. Courthouse, Suite 1500

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119               Tucson, Arizona  85701-5010

E.  Certificate of Service on Defendants.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ___ day of___(month)___, (year) , to:
Name:  _____
Address:_____
     Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  Original and Judge's Copy.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  Exhibits.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  Change of Address.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form. Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J.  Letters and Motions.  It is generally inappropriate to write a letter to any of the District
Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to
communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1. Your Name.  Print your name, prison or jail inmate number, and mailing address on
the lines provided.

2. Defendants.  Print the names of each of your defendants.  If you name more than
**four** defendants, you should print the name of one defendant and "see additional page
for defendants" in the space provided.  On the additional page you must list the names
of **all** of the defendants.  This additional page should be inserted after page 1 and
numbered as page "1-A" at the bottom of the page.  The initial complaint must contain
the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the
additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of
Civil Procedure.

3. Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED"
on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so
will result in the loss of the right to a jury trial.  A jury trial is not available if you are
seeking only injunctive relief.

**Part A.  JURISDICTION:**

1. Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. §
1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics
Agents" for federal defendants; or "other."  If you mark "other," identify the source of
that authority.

2. Plaintiff.  Print all of the requested information on the spaces provided.  Identify the
institution and city where the alleged violation of your rights occurred.

3. Defendants.  Print all of the requested information about each of the defendants in
the spaces provided.  If you are naming more than four defendants, you must provide the
necessary information about each additional defendant on a separate page.  Label the
page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional
page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while
you were a prisoner.  Print all of the requested information about each lawsuit in the spaces
provided.  If  you  have  filed  more  than  three  lawsuits,  you  must  provide  the  necessary

information about each additional lawsuit on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights the defendant(s) violated. The form provides space to allege three separate counts (one violation per count). If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>. You must identify which civil right was violated. YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2. <u>Issue Involved</u>. Check the box that most closely identifies the issue involved in your claim. YOU MAY CHECK ONLY ONE BOX  PER COUNT. If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3. <u>Supporting Facts</u>. After you have identified which civil right was violated, you need to state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you need to identify which defendant did what act. You also need to state the date(s) on which the act(s) occurred if possible.

4. <u>Injury</u>. State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>. Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint. 42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action. Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

## Part D.  REQUEST FOR RELIEF:

Print the relief you are seeking in the space provided.

## SIGNATURE:

You must sign your name and print the date you signed the complaint. Your signature must be an original signature, not a photocopy.

## FINAL NOTE

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed by the court. All questions must be answered concisely

4

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, )<br>(Full Name of Plaintiff)    Plaintiff,    )<br><br>vs.    )<br><br>_____, )<br><br>_____, )<br><br>_____, )<br><br>_____, )<br>(Full Name of Each Defendant)   Defendant(s).   )<br><br>_____ ) | CASE NO. _____<br>(To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT<br>BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

     a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

     b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

     c.   ☐ Other:  (Please specify.) _____.

2.   Name of Plaintiff: _____.
    Present mailing address: _____.
           **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                (Institution)

    The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the first Defendant was acting under color of law: _____
    _____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                (Institution)

    The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the second Defendant was acting under color of law: _____
    _____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                (Institution)

    The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the third Defendant was acting under color of law: _____
    _____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                (Institution)

    The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the fourth Defendant was acting under color of law: _____
    _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
    spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.  Case or docket number: _____.

d.  Claims raised: _____
_____
_____.

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.  Approximate date lawsuit was filed: _____.

g.  Approximate date of disposition: _____.

4.  Second prior lawsuit:

a.  Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.  Case or docket number: _____.

d.  Claims raised: _____
_____
_____.

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.  Approximate date lawsuit was filed: _____.

g.  Approximate date of disposition: _____.

5.  Third prior lawsuit:

a.  Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.  Case or docket number: _____.

d.  Claims raised: _____
_____
_____.

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.  Approximate date lawsuit was filed: _____.

g.  Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)          ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings    ☐ Property         ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                    ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count I?                   ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?           ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not. _____
_____.

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)   ☐ Mail     ☐ Access to the court     ☐ Medical care
   ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?   ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____
_____.

## COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)         ☐ Mail          ☐ Access to the court       ☐ Medical care
                              ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
                              ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                    ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?   ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.  _____
_____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                              DATE                                                        SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.